IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL B.,[1]

                Plaintiff,                               Civ. No. 3:19-cv-00760-AA

      v.                                      **OPINION & ORDER**

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

_____

AIKEN, District Judge:

      Plaintiff Michael B. seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying benefits. The Commissioner concedes that the decision contains harmful error but the parties dispute whether remand should be for further proceedings or for an award of benefits. For the reasons set forth below, the decision of the Commissioner is REVERSED and REMANDED for calculation and payment of benefits.

## BACKGROUND

      On July 29, 2015 Plaintiff filed a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income, both alleging disability beginning on January 1, 2015. Tr. 345. The applications were denied initially and upon reconsideration and, at Plaintiff's request, a hearing was held before an Administrative

---

[1] In the interest of privacy, this opinion uses only first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

Law Judge ("ALJ") on March 27, 2018. *Id.* On June 6, 2018, the ALJ issued a decision finding

Plaintiff not disabled. Tr. 357. On April 1, 2019, the Appeals Council denied review, making

the ALJ's decision the final decision of the Commissioner. Tr. 1. This appeal followed.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity

by reason of any medically determinable physical or mental impairment which . . . has lasted or

can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C.

§ 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining

whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r,*

648 F.3d 721, 724 (9th Cir. 2011).

> The five-steps are: (1) Is the claimant presently working in a substantially gainful
> activity? (2) Is the claimant's impairment severe? (3) Does the impairment meet or
> equal one of a list of specific impairments described in the regulations? (4) Is the
> claimant able to perform any work that he or she has done in the past? and (5) Are
> there significant numbers of jobs in the national economy that the claimant can
> perform?

*Id.* at 724-25; *see also Bustamante v. Massanari,* 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Bustamante*, 262 F.3d at

953. The Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the

Commissioner must show that the claimant can perform other work that exists in significant

numbers in the national economy, "taking into consideration the claimant's residual functional

capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir.

1999). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R.

§§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant

is able to perform other work existing in significant numbers in the national economy, the claimant

is not disabled. *Bustamante*, 262 F.3d at 953-54.

**THE ALJ'S FINDINGS**

The ALJ performed the sequential analysis. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of January 1, 2015. Tr. 346.

At step two, the ALJ found that Plaintiff had the following severe impairments: asthma, anxiety (not otherwise specified); depression; attention deficit hyperactivity disorder; antisocial personality traits; and opioid use disorder. Tr. 347. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. *Id.*

The ALJ found Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with the following additional limitations: he can lift and carry 10 pounds occasionally and frequently; he can sit "about" 6 hours in an 8-hour workday; he can stand and walk "about" 2 hours in an 8-hour work day; he can occasionally climb ramps and stairs; he can never climb ladders, ropes, or scaffolds; he can occasionally stoop, kneel, crouch, and crawl; he should avoid even moderate exposure to pulmonary irritants and hazards; and he can do simple routine work with superficial contact with supervisors and coworkers, but no contact with the public. Tr. 349.

At step four, the ALJ found Plaintiff was unable to perform any of his past relevant work. Tr. 355. At step five, the ALJ determined that Plaintiff could perform work as an addresser and as a wafer breaker. Tr. 357. As a result, the ALJ found Plaintiff was not disabled. *Id.*

**STANDARD OF REVIEW**

The district court must affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and internal quotation marks omitted). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986).

When the evidence before the ALJ is subject to more than one rational interpretation, courts must defer to the ALJ's conclusion. *Batson*, 359 F.3d at 1198 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995)). A reviewing court, however, cannot affirm the Commissioner's decision on a ground that the agency did not invoke in making its decision. *Stout v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006). Finally, a court may not reverse an ALJ's decision on account of an error that is harmless. *Id.* at 1055–56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## DISCUSSION

Plaintiff alleges the ALJ erred by (1) finding that Plaintiff's impairments did not meet or equal a listed impairment at step three of the sequential analysis and (2) improperly concluding that there were jobs existing in significant numbers that were consistent with Plaintiff's RFC.

The parties agree that that the ALJ's opinion contains harmful error at step five and should be reversed and remanded, but dispute whether remand should be for further proceedings or for an award of benefits. The decision whether to remand for further proceedings or for the immediate payment of benefits lies within the discretion of the court. *Triechler v. Comm'r*, 775 F.3d 1090, 1101-02 (9th Cir. 2014). A remand for award of benefits is generally appropriate when: (1) the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed, there are no outstanding issues that must be resolved, and further administrative

proceedings would not be useful; and (3) after crediting the relevant evidence, "the record, taken as a whole, leaves not the slightest uncertainty" concerning disability.  *Id.* at 1100-01 (internal quotation marks and citations omitted).  The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings.  *Harman v. Apfel*, 211 F.3d 1172, 1178 n.7 (9th Cir. 2000).

In this case, the parties agree that the ALJ erred at step five of the sequential analysis.  As noted, the ALJ determined that Plaintiff could perform work as an addresser or as a wafer breaker.  Tr. 357.  In reaching that determination, the ALJ relied on testimony from a vocational expert ("VE") who appeared and testified at the hearing.  Tr. 356-57.  During the hearing, the ALJ posed a hypothetical question to the VE asking whether there were jobs existing in the national economy that could be done by an individual with Plaintiff's RFC.  Tr. 1086-87.  In response, the VE identified addresser, which had approximately 6,000 positions nationwide, and wafer breaker, which had approximately 660 positions, nationwide.  *Id.*  The VE added "[t]hose would be the only two I have, Judge."  Tr. 1087.

The Ninth Circuit has held that an ALJ errs in finding a significant number of jobs "where the jobs were 'very rare' or generally unavailable to the claimant due to his limitations."  *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).  Although there is no bright line rule, the Ninth Circuit has held that the question of whether 25,000 national jobs is sufficient to meet the ALJ's burden at step five of the sequential analysis "presents a close call."  *Gutierrez v. Comm'r*, 740 F.3d 519, 529 (9th Cir. 2014).  Courts within this district have found that positions with as many as 11,000 jobs do not meet the standard for existing in significant numbers in the national economy.  *See Lisa L. v. Comm'r,* Case No. 3:17-cv-01874-AA, 2018 WL 6334996, at *6 (D. Or. Dec. 5, 2018) (11,084 addressing jobs "does not meet the standard for jobs existing in significant numbers in the

national economy."); *Watkins v. Comm'r*, Case No. 6:15-cv-01539-MA, 2016 WL 4445467, at *7 (D. Or. Aug. 22, 2016) ("11,000 order caller jobs in the national economy does not represent a 'significant number,'").  In one case, the district court found that "the 7,400 addresser jobs available in the national economy do not constitute jobs available in significant numbers in the national economy."  *Karen L.H. v. Berryhill*, No. 3:17-cv-01750-HZ, 2019 WL 208861, at *7 (D. Or. Jan. 15, 2019).

In this case, the VE testified that there were only 6,000 addresser positions in the national economy and only 660 wafer breaker jobs.  The Court concludes that, even taken together, these numbers do not constitute jobs available in significant numbers in the national economy.  The Commissioner urges the Court to remand for further proceedings to allow the ALJ to inquire as to whether these positions exist in significant numbers in the regional economy.  However, several district courts, including courts within this District, have concluded that the position of addresser is obsolete.  *See, e.g., Candice E. v. Berryhill*, Case No. 6:18-cv-01261-YY, 2019 WL 2550318, at *4 (D. Or. June 20, 2019) (so holding and collecting cases); *Angela M. v. Comm'r*, Case No. 3:18-cv-02133-YY, 2019 WL 6729317, at *11-12 (D. Or. Dec. 11, 2019) (holding same); *Bryan G. v. Comm'r*, Civ. No. 6:19-cv-00891-SU, 2020 WL 5038518, at *3 (D. Or. Aug. 26, 2020) (holding same).  The Court finds the holding of *Candice E.*, *Angela M.*, and *Bryan G.* persuasive and concludes that no useful purpose would be served by a remand to inquire whether an obsolete position, of which there are only 6,000 in the national economy, exists in significant numbers in the regional economy.  This is especially true considering the VE's testimony that there were no other jobs, aside from the 660 wafer breaker positions, that met Plaintiff's RFC.  Tr. 1087.

The Commissioner also urges the Court to remand to allow the ALJ to consider 1,030 pages of additional medical records dated between March 29, 2018, and July 13, 2018, and which cover

Plaintiff's hospitalization for cryptopcoccal meningitis and fungemia.  Tr. 2, 11.  This period of hospitalization occurred after the hearing, but before the ALJ issued his decision.  The Commissioner asserts that "analysis of the new evidence may impact Plaintiff's residual functional capacity and subsequent steps in the sequential evaluation process."  Comm'r Resp. at 5.  ECF No. 17.  Although these new documents were not presented to the ALJ, they were submitted to the Appeals Council, which rejected them on the ground that "[t]his additional evidence does not relate to the period at issue."  Tr. 2.  The Commissioner argues that the Appeals Council's determination was in error but does not identify any information in these new records was would undermine the ALJ's formulation of the RFC or step five findings.  Allowing the Commissioner to decide the issue again would create the "unfair 'heads we win; tails, let's play again' system of disability benefits adjudication" the Ninth Circuit has cautioned against.  *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004).  The Court therefore concludes that no useful purpose would be served by a remand for further proceedings.  The Court's review of the record leaves no significant doubt concerning disability and remand shall therefore be for immediate calculation and payment of benefits.[2]

## CONCLUSION

Pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner is REVERSED and REMANDED for calculation and payment of benefits.

It is so ORDERED and DATED this _____8th_____ day of February 2022.


 /s/Ann Aiken_____
ANN AIKEN
United States District Judge

---

[2] The Court need not reach Plaintiff's second assignment of error concerning the ALJ's conclusions at step three of the sequential analysis.